(Pleito No. 42.—Fallado el 14 de Abril de 1900.)

## Registrador contra Montilla.

Recurso contra sentencia dictada por el Tribunal de Distrito de San Juan.

Inscripciones de escrituras hipotecarias otorgadas entre marido y mujer. Las hipotecas constituídas por el marido á favor de su mujer para asegurarle el recobro de sus aportaciones matrimoniales no son ins-

cribibles á no ser que se acredite ante Notario la entrega de dichos bienes dotales.

## RESOLUCIÓN.

Puerto Rico, Abril catorce de mil novecientos.—Visto el presente recurso gubernativo, interpuesto por el Abogado Don Manuel F. Rossy, á nombre de los esposos Don Emilio Montilla y Doña Julia Márquez, contra la negativa del Registrador de la Propiedad de ésta Capital, á inscribir la escritura hipotecaria otorgada entre dichos esposos ante el Notario de esta Ciudad Don Santiago R. Palmer en once de Diciembre último, pendiente en esta Presidencia de la apelación interpuesta por el expresado Registrador de la Propiedad contra la resolución dictada por el Tribunal de Distrito de San Juan, en seis de Febrero del corriente año, por la que se declaró con lugar dicho recurso y se mandó al Registrador inscribir la escritura, con las costas á cargo del mismo.—Aceptando los fundamentos de hecho de la resolución apelada.—1? Considerando: Que, atendidos los antecedentes expuestos por Don Emilio Montilla en el preámbulo de la escritura hipotecaria de que se trata, relativos á las aportaciones matrimoniales de su señora esposa Doña Julia Márquez, que confiesa haber recibido de ella en diferentes fechas y partidas hasta la cantidad de veinte y dos mil cincuenta y seis pesos, ochenta y dos centavos, y su manifestación explícita consignada en la misma escritura de constituir por medio de ella la hipoteca especial expresa que estaba en la obligación de otorgar á su esposa en sustitución de la tácita, para garantizarle el reintegro de sus aportaciones matrimoniales, no puede caber duda alguna de que el propósito del señor Montilla no fué otro que el de otorgar á su citada esposa la hipoteca dotal expresa y especial á que se creía obligado por la Ley para garantizarle el pago de sus parafernales aportados al matrimonio; y que en este concepto, único bajo el cual puede ser considerada la escritura hipotecaria de que se trata, no es ésta inscribible en el Registro de la Pro-

piedad, por no acreditarse la entrega de dichas aportaciones matrimoniales al esposo, en la forma y con los requisitos que exigen los artículos 168 y 179 de la Ley Hipotecaria y el 1,384 del Código Civil, que cita en su nota el Registrador de la Propiedad.—2? Considerando: Que aparte de estos defectos que impiden la inscripción de la escritura, tampoco podría inscribirse ésta, atendida la calidad de los bienes que se hipotecan á la responsabilidad del crédito de Doña Julia Márquez, por no ser propios del marido, como deben serlo, según se infiere de los preceptos legales que cita el Registrador en su informe, y sí de la sociedad de gananciales, como adquiridos por el marido á título oneroso durante el matrimonio, según se declara en la misma escritura, y por consiguiente comprendidos en el número 1? del artículo 1,401 del nuevo Código Civil.—3? Considerando: Que, aun estimada la escritura como de hipoteca voluntaria, según la estima la representación de los recurrentes en su escrito interponiendo el presente recurso, tampoco sería inscribible, toda vez que los contratos de esa índole otorgados por el marido en favor de la mujer, para asegurarle con hipoteca especial en sus bienes el recobro de sus aportaciones matrimoniales, cuando no se acredita la verdadera entrega de éstos al marido en la forma que requiere la ley, no son válidos ni eficaces en cuanto á la constitución del derecho real hipotecario, pues si bien en el moderno Código Civil no hay precepto alguno que los declare nulos expresamente, así se infiere no obstante, de otras disposiciones del mismo, entre ellas, las de los artículos 1,344 y 1,345, que previenen, el primero, cuya entrega no constase, ó constare sólo por documento privado, no surtirá más efecto que el de las obligaciones personales, y el segundo, que sin embargo de lo dispuesto en el artículo anterior, la mujer que tuviere en su favor dote confesada por el marido, antes de la celebración del matrimonio, ó dentro del primer año de él, podrá exigir en cualquier tiempo que el mismo marido se le asegure con hipoteca, siempre que

haga constar judicialmente la existencia de los bienes dotales ó la de otros semejantes ó equivalentes en el momento de deducir su reclamación, lo que comprueba en el espíritu de dicho Código está que esas hipotecas sólo puedan otorgarse por el marido cuando la aportación se acredita de una manera fehaciente, pero no en otro caso, sin duda para prevenir los fraudes á que la simulación de las aportaciones podría dar lugar con perjuicio de tercero.—4º Considerando: Que si bien con arreglo al artículo 1,390 del mismo Código Civil, la enajenación de los bienes parafernales da derecho á la mujer para exigir la constitución de hipoteca por el importe del precio que el marido hubiese recibido, ese precepto del Código no debe entenderse aisladamente, sino en combinación con el artículo 1,384 del mismo, según el que, la obligación del marido á constituir la hipoteca en garantía de los parafernales que recibiere, es sólo en el concepto de que la mujer se los entregue con la intención de que los administre, pero siempre haciendo constar la entrega por ante Notario, cuyo requisito no ha tenido lugar en el presente caso.—5º Considerando: Que estas ó parecidas formalidades se exigían con arreglo á la legislación anterior al plantamiento de la moderna Ley Hipotecaria, para que el marido fuera responsable de los parafernales aportados por la mujer al matrimonio, pues si bien con arreglo á aquella legislación la mujer tenía una hipoteca tácita en los bienes del marido, para el recobro de sus parafernales aportados al matrimonio, era para esto requisito indispensable que se acreditase la entrega al marido de los parafernales señaladamente y con la intención de que hubiese el señorío de ellos, pues en otro caso no era el marido responsable, como así lo tenía declarado el Tribunal Supremo en multitud de sentencias y era práctica y jurisprudencia constante de los Tribunales de Justicia.—6º Considerando: Que es también de jurisprudencia constante de la Dirección General de los Registros del Notariado y de la Propiedad, establecida en multitud de resoluciones uniformes de aquel centro, que las

hipotecas voluntarias constituídas por el marido á favor de la mujer para asegurarle el recobro de sus aportaciones matrimoniales, son nulas y de ningún valor, y por consiguiente no son inscribibles en el Registro de la Propiedad, cuando como sucede en el presente caso, no se acredita la verdadera entrega de las aportaciones al marido en la forma y con los requisitos que exigen la Ley Hipotecaria y el Código Civil vigente.—Vistas las disposiciones legales y las resoluciones de la Dirección General de los Registros, que cita el Registrador de la Propiedad de esta Capital en su informe, y entre ellas muy particularmente las de diez y siete de Enero de mil ochocientos setenta y seis y seis de Abril de mil ochocientos noventa y cuatro, dictadas en casos de gran analogía con el presente. Se revoca la resolución apelada del Tribunal de Distrito de San Juan, de seis de Febrero último, y se confirma la nota denegatoria de la inscripción puesta por el Registrador de la Propiedad de esta Capital al pie de la escritura hipotecaria que motiva el presente recurso, sin especial condenación de costas.— Comuníquese esta resolución al Tribunal de Distrito de San Juan, para la notificación de los interesados, y transcurridos que sean ocho días hábiles, á partir desde el de la notificación, remítanse las diligencias con los escritos que en su caso presenten las partes interesadas.

Lo decretó y firma el Hon. Presidente del Tribunal Supremo de Justicia de que certifico.—José S. Quiñones.— E. de J. López Gaztambide, *Secretario.*

Y habiendo aprobado en todas sus partes el Hon. Attorney General la preinserta resolución, en virtud de la alzada que ante él se interpuso contra la misma, de orden del Hon. Presidente de este Tribunal Supremo, se publica en la *Gaceta Oficial* en harmonía con lo dispuesto en el artículo 125 del Reglamento para la ejecución de la Ley Hipotecaria vigente. Puerto Rico, Agosto diez y seis de mil novecientos.—E. de J. López Gaztambide, *Secretario.*